UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-382 |
| | § | |
| ISAAC KWABENA KWARTENG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION DENYING PLAINTIFF'S
## SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Kenneth Scott, who is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas, has filed this prisoner civil rights action. Pending before the Court is Plaintiff's Second Motion Appointment of Counsel. (D.E. 42).[1]

In this action, Plaintiff sues the following individual defendants: (1) Dr. Isaac Kwabena Kwarteng; (2) Charge Nurse Tanya Lawson; and (3) Senior Warden Philip Sifuentes. Plaintiff claims that Defendants' actions amount to deliberate indifference to his health and safety in violation of the Eighth Amendment. Plaintiff further claims that certain defendants retaliated against him by intentionally delaying medical care to Plaintiff.

On April 20, 2018, the undersigned ordered Plaintiff's complaint to be served on each defendant. (D.E. 14). Defendants subsequently have filed two motions to dismiss.

---

[1] Plaintiff's first motion for appointment of counsel was denied without prejudice until after screening. (D.E. 9).

(D.E. 15, 17). Plaintiff has responded to both motions. (D.E. 25, 26). Plaintiff seeks the appointment of counsel to assist him in litigating his claims in this case. (D.E. 42).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* Plaintiff's claims presented in this case are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's various pleadings filed in this case, including his responses to the pending motions to dismiss, reveal that he understands his claims and is in a position to investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence

and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial and motions to dismiss are now pending before the Court.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 42) is DENIED without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 29th day of November, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE