United States District Court
Southern District of Texas
**ENTERED**
May 10, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KENNETH SCOTT, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-00382 |
| § | |
| ISAAC KWABENA KWARTENG, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Kenneth Scott is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Scott raises Eighth Amendment claims of deliberate indifference and retaliation against Senior Warden Philip Sifuentes, Dr. Isaac Kwabena Kwarteng, and Nurse Tanya Lawson. (Doc. 1 at 3).[1] These claims arise from Scott's time at the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ"), in Beeville, Texas. Currently pending is Scott's motion for an order of protection. (D.E. 45). For the reasons discussed further below, it is recommended that Scott's motion for an order of protection be DENIED as moot.

### I.   BACKGROUND

In his complaint, Scott alleges that he suffers from serious spinal injuries and that Dr. Kwarteng and Nurse Lawson removed certain surgeon-ordered medical devices from his possession. (Doc. 1 at 4-5). According to Scott, Defendants Kwarteng and Lawson directed other medical personnel not to return these items to him even though he faced

---

[1] Scott also raised other claims against these defendants, but the Court dismissed them. (D.E. 53).

increased pain in the affected areas. (*Id.*). He alleges that Warden Sifuentes was notified of the issues involving the medical devices but did nothing to remedy the matter, such as transferring Scott to a prison facility capable of handling his medical issues. (*Id.* at 5). Scott claims that Defendants' actions amount to deliberate indifference to his health and safety in violation of the Eighth Amendment. (*Id.*).

In June 2018, Scott filed a motion for preliminary injunction. (D.E. 16). Scott sought a court order directing Warden Sifuentes either to move him to the McConnell Unit's medical housing area or to transfer him to a prison facility equipped to deal with his spinal injuries. (*Id.* at 4). In August 2018, the District Court denied the motion, concluding that Scott had not established any of the four factors necessary to obtain a preliminary injunction. (D.E. 38 at 4-10).

## II.   DISCUSSION

In his present motion for an order of protection, Scott alleges that the TDCJ failed to transport him to scheduled medical appointments for vision and spinal issues on three separate occasions. (D.E. 45 at 1-2). He alleges that Nurse Lawson and the TDCJ blame each other for the failure, but that neither have taken any steps to reschedule the appointments so that he can receive the proper medical care. (*Id.* at 2). Accordingly, Scott seeks a transfer to a different housing unit that can adequately address his medical needs and that is away from the current defendants. (*Id.*). After filing the petition for an order of protection, Scott filed a notice of change of address indicating that he has been transferred from the McConnell Unit to the Hughes Unit in Gatesville, Texas. (D.E. 51 at

1-3). He mentions several problems that occurred during the process of the transfer, but does not discuss any issues arising at his new housing unit. (*See id.*).

In light of Scott's transfer to a different unit, his motion for an order of protection is moot. Scott requests a transfer to a different unit where he can receive the necessary medical care, away from the defendants in his lawsuit, and he has obtained that transfer. (*See* D.E. 51). If Scott continues to face difficulties with obtaining necessary medical care at his new housing unit, he must file a new complaint against the relevant parties. Thus, it is recommended that Scott's motion be denied as moot.

Alternatively, it is recommended that Scott's motion be denied on the merits for the reasons stated in the Court's prior order on his motion for a preliminary injunction. (*See* D.E. 38 at 4-10). Although Scott has changed the title of his filing, he requests the same relief as he did in his motion for a preliminary injunction and the same analysis is appropriate. (*See* D.E. 16 at 4; D.E. 38 at 4). Scott now alleges that he missed several medical appointments due to the action, or inaction, of either the TDCJ or Nurse Lawson, but he nonetheless has not shown a substantial likelihood of success on the merits given the extensive history of attention and treatment provided to him at the McConnell Unit. (*See* D.E. 38 at 4-8). Similarly, Scott's new allegations do not affect the Court's prior conclusions that he did not establish that: (1) he would suffer an irreversible injury if not provided immediate relief; (2) the threatened injury outweighs any damage that the injunction might cause the defendants; and (3) the injunction will not disserve the public interest. (*See id.* at 8-9). Thus, even if Scott's motion is not moot, it is recommended that it be denied.

### III. RECOMMENDATION

Accordingly, it is respectfully recommended that Scott's request for an order of protection (D.E. 45) be DENIED as moot.

Respectfully submitted this 10th day of May, 2019.

                                                  *[signature]*
                                                 B. JANICE ELLINGTON
                                        UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).