Case 2:17-cv-00382   Document 68   Filed on 09/03/19 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
September 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KENNETH SCOTT, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-382 |
| § | |
| ISAAC KWABENA KWARTENG, *et al*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT PHILIP SIFUENTES'S MOTION FOR SUMMARY JUDGMENT

In this prisoner civil rights action, Plaintiff Kenneth Scott asserts claims of deliberate indifference, retaliation, and other constitutional and state law violations. Presently before the Court is a Motion for Summary Judgment filed by Defendant Philip Sifuentes. (D.E. 62). For the reasons stated herein, it is respectfully recommended that this summary judgment motion be GRANTED.

**I.   JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**II.   PROCEDURAL BACKGROUND**

In this civil rights action, Plaintiff sued the following individual defendants: (1) Dr. Isaac Kwabena Kwarteng; (2) Charge Nurse Tanya Lawson; and (3) Senior Warden Philip Sifuentes. (D.E. 1, p. 3). Plaintiff alleged that he suffers from serious spinal injuries. He further alleged that Dr. Kwarteng and Nurse Lawson removed from Plaintiff's possession certain surgeon-ordered medical devices which protect the spine.

According to Plaintiff, Defendants Kwarteng and Lawson directed other medical personnel not to return these items to Plaintiff even though Plaintiff faced increased pain in the affected areas. Plaintiff's medical restrictions also were cancelled by Defendants.

Plaintiff alleged that Warden Sifuentes was notified of the issues involving Plaintiff's medical devices but did nothing to remedy the matter, such as transferring him to a prison facility capable of handling his medical issues. Plaintiff claimed that Defendants' actions amount to deliberate indifference to his health and safety in violation of the Eighth Amendment. (D.E. 1, p. 5). In support of these claims, Plaintiff asserted that Defendants denied him the use of medical devices for his serious spinal injuries and placed him in a housing situation where he has a greater risk of falling down and suffering serious injury. Plaintiff further asserted claims of retaliation, medical malpractice, theft, and collusion. Plaintiff sought injunctive relief as follows: (1) return of the medical braces and restrictions; and (2) transfer to another prison where he can receive proper medical care. (D.E. 1, p. 4).

On April 19, 2018, a *Spears*[1] hearing was conducted. The next day, the undersigned ordered service of Plaintiff's complaint on Defendants. (D.E. 14). Warden Sifuentes filed a motion to dismiss Plaintiff's claims against him, contending that Plaintiff has failed to exhaust his available remedies and that he has failed to state a claim for relief. (D.E. 15). Defendants Kwarteng and Lawson also moved to dismiss Plaintiff's

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

claims on various grounds. (D.E. 17). Plaintiff responded to both motions to dismiss. (D.E. 25, 26).

On January 9, 2019, the undersigned issued a Memorandum and Recommendation (January 9, 2019 M&R), recommending that: (1) Plaintiff's state law claims of medical malpractice, theft, and collusion be dismissed as frivolous and/or for failure to state a claim for relief; and (2) the motions to dismiss filed by Defendants Kwarteng, Lawson, and Sifuentes be denied in their entirety. (D.E. 46). On March 25, 2019, Senior District Judge Hilda G. Tagle adopted the January 9, 2019 M&R. (D.E. 53).

On May 28, 2019, Warden Sifuentes filed a Motion for Summary Judgment, contending that Plaintiff had failed to exhaust his administrative remedied against Warden Sifuentes. (D.E. 62). Plaintiff has not responded to the summary judgment motion. The motion, therefore, is deemed unopposed.[2]

## III.  SUMMARY JUDGMENT EVIDENCE

In support of his summary judgment motion, Warden Sifuentes has offered as Plaintiff's Relevant Grievance Records as Exhibit A. (D.E. 62-1). Plaintiff has not submitted any evidence in response to Warden Sifuentes's summary judgment motion. Plaintiff's verified complaint and testimony at the *Spears* hearing, however, may serve as competent summary judgment evidence. *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017).

---

[2] According to the Local Rules for the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." LR 7.4.

Like other parts of the record, Plaintiff's verified complaint and *Spears*-hearing testimony must satisfy Federal Rule of Civil Procedure 56(c) in order to be considered at summary judgment. *See Mengele v. AT&T Servs. Inc.*, No. 3:15-cv-3934, 2017 WL 3835871, at *3 (N.D. Tex. Aug. 9, 2017) ("[T]he verified complaint and sworn interrogatory answers of the *pro se* litigant can be considered as summary judgment evidence *to the extent that such pleadings comport with the requirements of current Rule 56(c).*") (emphasis added) (citations omitted). The undersigned, therefore, will not consider parts of Plaintiff's verified complaint or *Spears*-hearing testimony that are not made on personal knowledge or that would be inadmissible in evidence. *See* Fed. R. Civ. P. 56(c)(4). Accordingly, the competent summary judgment evidence establishes the following:

    A.    **Plaintiff's Verified Complaint and *Spears* Hearing Testimony**

Plaintiff suffers from spine and knee injuries arising from a difficult parachute landing in 1982. Plaintiff's spinal issues affect both his neck and back. Approximately two years ago, doctors at the Galveston Hospital issued Plaintiff a lumbar support corset and collar. After using these medical devices for about five months, Plaintiff was involved in an incident in a church that ultimately resulted in the confiscation of his medical devices.

Dr. Kwarteng and Nurse Lawson sent security officers to remove Plaintiff from the church's service and to take Plaintiff's medical braces from him. Dr. Kwarteng and Nurse Lawson informed Plaintiff that the security officer had reported Plaintiff as violating his medical restrictions. These defendants took Plaintiff's braces and removed

his medical restrictions. These defendants also ordered the assigned physicians assistants not to return these items even though Plaintiff faced increased pain to the affected areas.

Two months after losing his first set of braces, TDCJ reissued back and collar support devices to Plaintiff. A female officer, however, saw Plaintiff with his new devices and called the unit's medical department to report that Plaintiff had "altered" his medical braces. Security was called to confiscate Plaintiff's new braces. According to Plaintiff, Dr. Kwarteng and Nurse Lawson retaliated against him by intentionally delaying medical care to Plaintiff. These delays would range from three to six weeks following the dates Plaintiff requested his medical care

Plaintiff notified Warden Sifuentes about the issues involving Plaintiff's medical devices, but Warden Sifuentes did nothing to rectify the matter. Rather than assist Plaintiff, Warden Sifuentes placed Plaintiff in administrative segregation based on the actions taken by the security officer in reporting Plaintiff to medical. Plaintiff's placement in segregation, however, violates his medical housing restrictions. Furthermore, Plaintiff has received only 48 showers in 123 days in segregation, and officers have refused to escort Plaintiff to the medical shower and properly assist him. Plaintiff loses his balance on multiple occasions because he has no device like a walker to assist him in maintaining balance. Plaintiff has injured himself on several occasions after falling down.

Despite orders from Galveston doctors that Plaintiff be medically unassigned, this work restriction ended on February 10, 2018. Plaintiff also is not properly housed at a single-level facility and is forced to walk lengths greater than his walking limit of 50

yards.  Furthermore, Dr. Kwarteng has refused to provide Plaintiff with ground floor and bottom-bunk restrictions.

Plaintiff mailed to this Court a letter, dated January 12, 2018, which informed the Court that he was scheduled to undergo surgery on his spinal cord in March 2018. (D.E. 12, p. 1).  In a letter dated March 6, 2018, Plaintiff states that, since filing his original complaint, he was moved from general population to administrative segregation. (D.E. 13, p. 1).  Plaintiff reiterates that his repeated requests to be transferred to another prison have been either ignored or denied. (D.E. 13, p. 2).  According to Plaintiff, an orthopedic surgeon notified the McConnell Unit's medical department on August 22, 2017, that Plaintiff should be moved to another facility closer to UTMB-Galveston but that Dr. Kwarteng refused to act upon it. (D.E. 13, p. 3).

Plaintiff's surgery did not take place in March. During an eight-day hospital stay in early April 2018, Plaintiff was informed that his spinal injuries had increased in severity. Plaintiff suffers from continuous pain, and the doctor at Galveston prescribed Plaintiff certain specific medications. Plaintiff also underwent a procedure called a spinal cord injury intervention to revitalize some damaged cartilage. The Galveston doctors also ordered for Plaintiff a hard-shelled minerva brace and lumbar corset. Dr. Kwarteng, however, refuses to adhere to these orders on the grounds that he runs the medical unit as opposed to the Galveston doctors. Dr. Kwarteng further indicated that the neck brace ordered by Galveston medical staff would just weaken Plaintiff's neck area. Nevertheless, TDCJ has issued Plaintiff a third set of basic neck and back braces. These braces are inadequate for Plaintiff's medical needs.

**B.     Warden Sifuentes's Evidence Regarding Plaintiff's Grievances**

On April 14, 2017, Plaintiff submitted a Step 1 grievance (No. 2017122628) complaining about an incident that took place that day.  (D.E. 62-1, pp. 12-13). Specifically, Plaintiff challenged his removal from a religious service and being taken to the medical department where his medical braces were taken from him by Dr. Kwarteng in the presence of Nurse Lawson.  (D.E. 62-1, p. 12).  According to Plaintiff, Dr. Kwarteng also removed all of Plaintiff's medical restrictions.  Plaintiff's Step 1 grievance was denied by Nurse Lawson on the basis that Plaintiff had been observed performing activities in violation of his medical restrictions.  (D.E. 62-1, p. 13).  As stated in the response to Plaintiff's Step 1 grievance, both Nurse Lawson and Dr. Kwarteng had observed security footage showing Plaintiff lifting and moving heavy equipment.  (D.E. 62-1, p. 13).

Plaintiff subsequently filed a Step 2 grievance on May 20, 2017, complaining about the unjust removal of his medical braces and medical restrictions.  (D.E. 62-1, pp. 14-15).  Plaintiff's Step II grievance was denied based on the same reasons provided in the Step 1 response. (D.E. 62-1, p. 15).

On May 30, 2017, Plaintiff submitted a Step 1 grievance (No. 2017147460), complaining that Dr. Kwarteng had denied him medical treatment that had been ordered by orthopedic specialists from the Hospital Galveston.  (D.E. 62-1, pp. 8-9).  Plaintiff stated that Dr. Kwarteng took this action in retaliation for Plaintiff's filing of grievances. (D.E. 62-1, p. 8).  Plaintiff's Step 1 grievance was denied by Nurse Lawson on the basis that Plaintiff had been treated at the Hospital Galveston on May 15, 2017 with steroid

injections while no other treatments, medications, or restrictions had been ordered. (D.E. 62-1, p. 9). There is no evidence to indicate that Plaintiff filed a Step II grievance against Warden Sifuentes.

## IV.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits

and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248.  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  *Caboni*, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."  *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact.  "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.* at 248.

## V.     DISCUSSION

In his summary judgment motion, Warden Sifuentes seeks dismissal of Plaintiff's claims against him for failure to exhaust his administrative remedies. (D.E. 29, pp. 3-6). The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 215 (2006).

The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam). Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date

of the complained-of incident. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The inmate should then receive a response from the unit official, and if unsatisfied with the response, the inmate has fifteen days to appeal by filing a Step 2 grievance, which is handled at the state level. *Id.* The Fifth Circuit requires that both steps be completed in order to file suit in federal court. *Id* at 515-16 ("[A] prisoner must pursue a grievance through both steps for it to be considered exhausted."). *See also Dillion v. Rogers,* 596 F.3d 260, 268 (5th Cir. 2010) ("under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly.").

In *Johnson*, the Fifth Circuit discussed how much detail is required in a grievance for purposes of effectively exhausting administrative remedies. The Fifth Circuit noted that one of the purposes of the exhaustion requirement is to give officials "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 517 (citations omitted). A grievance "should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*.

Warden Sifuentes contends that Plaintiff has failed to file any Step 1 grievances that describe any claim he might have with Warden Sifuentes's involvement in the confiscation of Plaintiff's medical braces or the medical care provided to Plaintiff. (D.E. 62, p. 5). Warden Sifuentes further contends that Plaintiff has not filed any Step 2 grievances with respect to his allegations against Warden Sifuentes to complete the administrative process. (D.E. 62, p. 5).

The undersigned finds that Plaintiff has failed to exhaust his claims against Warden Sifuentes through both steps of the grievance process. A review of Plaintiff's grievance records submitted by Warden Sifuentes reveals that he has filed Step 1 grievances only related to his claims against Dr. Kwarteng and Nurse Lawson. Plaintiff, however, fails to name Warden Sifuentes in these Step 1 grievances or otherwise set forth any claim against him. Plaintiff further has not filed any Step 2 grievances complaining about any action taken by Warden Sifuentes.

Plaintiff has come forward with no evidence to establish a genuine issue of material fact as to whether he successfully exhausted his administrative remedies as to his claims against Warden Sifuentes. Thus, even when viewing the competent summary judgment in a light most favorable to Plaintiff, Plaintiff failed to exhaust his claims against this defendant through both steps of the TDCJ grievance process. Furthermore, no evidence has been presented to excuse exhaustion. Accordingly, Warden Sifuentes is entitled to summary judgment in his favor and dismissal of Plaintiff's claims against him with prejudice for lack of exhaustion.[3]

## VI.   RECOMMENDATION

Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) prior to filing suit, and there are no circumstances to excuse exhaustion. Thus, it is respectfully recommended that Warden Sifuentes's Motion for Summary

---

[3] A dismissal for failure to exhaust is generally without prejudice. However, because any new grievance filed by Plaintiff would be time-barred under the TDCJ's grievance procedure and the failure to exhaust cannot be cured, dismissal with prejudice is appropriate in this case. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that dismissal with prejudice warranted when administrative relief is time barred or otherwise precluded).

Judgment (D.E. 62) be **GRANTED** and that Plaintiff's claims against Warden Sifuentes be **DISMISSED with prejudice** for failure to exhaust.

Respectfully submitted this 3rd day of September, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).