Case 2:17-cv-00382   Document 80   Filed on 03/04/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-382 |
| | § | |
| ISAAC KWABENA KWARTENG, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTION TO DISMISS AND,
IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S CLAIMS
AGAINST DEFENDANTS PURSUANT TO 28 U.S.C. 1915(e)(2)(B)**

In this prisoner civil rights action, Plaintiff Kenneth Scott asserts claims of deliberate indifference, retaliation, and other constitutional and state law violations. Presently before the Court is a Motion to Dismiss for Lack of Jurisdiction, filed by Defendants Isaac Kwabena Kwarteng and Tanya Lawson. (D.E. 70).

For the reasons stated herein, the undersigned respectfully recommends that the Motion to Dismiss be granted and that Plaintiff's claims against Defendants Kwarteng and Lawson be dismissed with prejudice. Alternatively, the undersigned respectfully recommends that Plaintiff's claims for injunctive relief against Defendants Kwarteng and Lawson be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.     PROCEDURAL BACKGROUND

In this civil rights action, Plaintiff sued the following individual defendants who worked at the McConnell Unit in Beeville, Texas: (1) Dr. Isaac Kwabena Kwarteng; (2) Charge Nurse Tanya Lawson; and (3) Senior Warden Philip Sifuentes.  (D.E. 1, p. 3). Plaintiff alleged that he suffers from serious spinal injuries.  He further alleged that Dr. Kwarteng and Nurse Lawson removed from Plaintiff's possession certain surgeon-ordered medical devices which protect the spine.  According to Plaintiff, Defendants Kwarteng and Lawson directed other medical personnel not to return these items to Plaintiff even though Plaintiff faced increased pain in the affected areas.  Plaintiff's medical restrictions also were cancelled by these defendants.

Plaintiff alleged that Warden Sifuentes was notified of the issues involving Plaintiff's medical devices but did nothing to remedy the matter, such as transferring him to a prison facility capable of handling his medical issues.  Plaintiff claimed that Defendants' actions amount to deliberate indifference to his health and safety in violation of the Eighth Amendment.  (D.E. 1, p. 5).  In support of these claims, Plaintiff asserted that Defendants denied him the use of medical devices for his serious spinal injuries and placed him in a housing situation where he has a greater risk of falling down and suffering serious injury.  Plaintiff further asserted claims of retaliation, medical malpractice, theft, and collusion.  Plaintiff sought injunctive relief as follows: (1) return of the medical braces and restrictions; and (2) transfer to another prison where he can receive proper medical care.  (D.E. 1, p. 4).

On April 19, 2018, a *Spears*[1] hearing was conducted. The next day, Magistrate Judge B. Janice Ellington ordered service of Plaintiff's complaint on Defendants. (D.E. 14). Warden Sifuentes filed a motion to dismiss Plaintiff's claims against him, contending that Plaintiff had failed to exhaust his available remedies and that he had failed to state a claim for relief. (D.E. 15). Defendants Kwarteng and Lawson also moved to dismiss Plaintiff's claims on various grounds. (D.E. 17). Plaintiff responded to both motions to dismiss. (D.E. 25, 26).

On January 9, 2019, Magistrate Judge Ellington issued a Memorandum and Recommendation (January 9, 2019 M&R), recommending that: (1) Plaintiff's state law claims of medical malpractice, theft, and collusion be dismissed as frivolous and/or for failure to state a claim for relief; and (2) the motions to dismiss filed by Defendants Kwarteng, Lawson, and Sifuentes be denied in their entirety. (D.E. 46). On February 12, 2019, Plaintiff notified the Court that he had been transferred to the Hughes Unit in Gatesville, Texas. (D.E. 51). On March 25, 2019, Senior District Judge Hilda G. Tagle adopted the January 9, 2019 M&R. (D.E. 53).

On May 28, 2019, Warden Sifuentes filed a Motion for Summary Judgment, contending that Plaintiff had failed to exhaust his administrative remedies against Warden Sifuentes. (D.E. 62). On September 3, 2019, Magistrate Judge Ellington issued a Memorandum and Recommendation (September 3, 2019), recommending that Warden Sifuentes's summary judgment motion be granted and that Plaintiff's claims against

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Warden Sifuentes be dismissed with prejudice for failure to exhaust. (D.E. 68). Senior District Judge Tagle subsequently adopted the September 3, 2019 M&R. (D.E. 77).

On September 9, 2019, Defendants Kwarteng and Lawson (hereinafter referred to as Defendants) filed a Motion to Dismiss for Lack of Jurisdiction (D.E. 70) along with several exhibits under seal (D.E. 70-1, 70-2). On October 3, 2019, Plaintiff filed his response to the motion. (D.E. 72).

### III. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Id*.

### IV. DISCUSSION

Defendants contend in their Motion to Dismiss that Plaintiff's claims against them are moot because he has already received his requested relief. (D.E. 70, pp. 2-5). Defendants assert that since filing his complaint: (1) Plaintiff has received a new cervical collar back brace with lumbar pad; (2) Plaintiff's medical restrictions have been

reinstated; and (3) Plaintiff is no longer housed at the McConnell Unit. (D.E. 70, pp. 4-5). Plaintiff responds that he received neither the proper braces for his medical condition nor the necessary surgery for his spine. (D.E. 72, p. 3).

Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const., Art. III, § 2. This article requires parties seeking to invoke federal court jurisdiction to demonstrate they have a legally cognizable interest or personal stake in the outcome of a case. *Genesis Healthcare v. Symczyk*, 569 U.S. 66, 71 (2013); *Payne v. Progressive Financial Services, Inc.*, 748 F.3d 605, 607 (5th Cir. 2014). A live controversy must exist at every stage of the litigation. *Genesis*, 569 U.S. at 71.

A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). In other words, if a controversy between parties resolves to the point that they no longer qualify as "'adverse parties with sufficient legal interests to maintain the litigation,'" a court is without power to entertain the particular claim. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (quoting *United States v. Lares-Meraz*, 452 F.3d 352, 351 (5th Cir. 2006) (per curiam)). Courts, therefore, lack "constitutional jurisdiction" to resolve an issue where there is no Article III controversy. *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

Plaintiff sought injunctive relief in this action as follows: (1) return of the medical braces and restrictions; and (2) transfer to another prison where he can receive proper medical care. (D.E. 1, p. 4). Defendants have presented evidence to the Court showing

that: (1) in March 2018, Plaintiff received a new cervical collar and back brace with lumbar pad from the Brace and Limb Clinic at the Jester III Unit (D.E. 70-1, pp. 6-7); (2) when Plaintiff returned to the McConnell Unit, medical personnel noted that both braces fitted Plaintiff fine and that Plaintiff "accepted the orthoses" (D.E. 70-1, p. 4); and (3) Plaintiff's medical restrictions were reinstated as of June 2018, including the requirement that he be assigned to a single-level facility, that he be housed in a single cell on the ground floor, that he be assigned a lower bunk, and that he be restricted from walking greater distances than 50 yards (D.E. 70-2, p. 2). In addition, Defendants cite to the Court records in this case which show that Plaintiff was transferred to the Hughes Unit in February 2019.

The evidence presented by Defendants demonstrates that Plaintiff has received the relief requested by him in his complaint.[2] Thus, there is no longer a controversy between parties such that they qualify as adverse parties with sufficient legal interests to maintain the litigation as to Plaintiff's deliberate indifference claims. Accordingly, it is respectfully recommended that Defendants' Motion to Dismiss (D.E. 70) be granted and that Plaintiff's deliberate indifference claims against Defendants be dismissed as moot.

Alternatively, even if Plaintiff has not received all of his requested relief, dismissal of this case remains appropriate. Section 1915(e)(2)(B) mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. 1915(e)(2)(B). *See also Souza v.*

---

[2] Plaintiff made no request in his complaint for special spinal surgery. The record reflects that in early April of 2018, Plaintiff was given an epidural steroid injection at UTMB's Galveston hospital. (D.E. 31-4, pp. 11-12, 21-26).

*FMC-Carswell*, 4:09-CV-469-Y, 2011 WL 611703, at *1 (N.D. Tex. Feb. 18, 2011) (dismissing plaintiff's claims for declaratory and injunctive relief under § 1915(e)(2)(B) because she was no longer incarcerated at the prison in which her condition-of-confinement claims arose).

As noted above, Plaintiff seeks injunctive relief in this case. At the time he filed this action, Plaintiff was housed at the McConnell Unit where Defendants worked. The record reflects that Plaintiff has since been transferred to the Hughes Unit in Gatesville, Texas. A prisoner's transfer from a prison unit renders moot his claims of deliberate indifference when seeking injunctive relief against the defendants at that unit. *Sias v. Jacobs*, No. 6:17cv413, 2017 WL 8229544, at *4 (E.D. Tex. Dec. 11, 2017); *King v. TDCJ*, No 3:15-CV-1365, 2016 WL 8671926, at *2 (N.D. Tex. Jan. 8, 2016). Accordingly, the undersigned respectfully recommends in the alternative that Plaintiff's claims for injunctive relief against Defendants be dismissed with prejudice as moot pursuant to § 1915(e)(2)(B).

## V.     RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that Defendants' Motion to Dismiss (D.E. 70) be **GRANTED** and that Plaintiff's deliberate indifference claims against Defendants Isaac Kwabena Kwarteng and Tanya Lawson be **DISMISSED with prejudice** as moot on the grounds that Plaintiff has received his requested relief. Alternatively, the undersigned respectfully recommends that Plaintiff's claims for injunctive relief against Defendants be **DISMISSED with prejudice** as moot

pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is no longer incarcerated at the McConnell Unit.

ORDERED this 4th day of March, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).